UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00669-JPH-MJD |
| | ) |
| CENTURION HEALTH, | ) |
| | ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Kenneth Hawkins is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). He filed this civil action alleging that Centurion Health ("Centurion") has failed to provide him adequate and timely treatment for ongoing stomach issues. Because Mr. Hawkins is incarcerated, this Court must screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Hawkins names Centurion as the sole defendant. Centurion is the private company that provides medical services to the inmates incarcerated in the Indiana Department of Correction.

Mr. Hawkins alleges that he began having stomach issues in December 2021 and began submitting healthcare request forms in January 2022. He was seen by Dr. Jason Carter nine months later, and at that time, Dr. Carter submitted a request for Mr. Hawkins to receive an upper GI consultation. But after three visits to Dr. Carter and Nurse Practitioner Williams, Mr. Hawkins still has not been seed by an outside provider as promised. He says he now has issues with bowel movements and has a significant amount of stomach pain.

He states, "I want to have [an] upper GI consult to find out what the problem is with my stomach[.]" Dkt. 1 at 3.

## III. Discussion of Claims

The Court understands Mr. Hawkins to bring a claim for injunctive relief against Centurion to receive a referral to an outside specialist to determine the source of his stomach pain. This claim **shall proceed**. *Gonzalez v. Feinerman*,

2

663 F.3d 311, 315 (7th Cir. 2011) (noting injunctive relief claim is proper against the actor who "would be responsible for ensuring that any injunctive relief is carried out.")

Any claim for damages under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690−91 (1978), must be **dismissed for failure to state a claim**. *Monell* permits suits against municipalities or private corporations acting in the place of the state if their policy, practice, or custom caused a constitutional violation. To state a *Monell* claim against Centurion, Mr. Hawkins must first allege that he was deprived of a federal right, and then he must allege that the deprivation was caused by a Centurion custom or policy or failure to implement a needed policy. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). As the Seventh Circuit has explained:

> There are at least three types of municipal action that may give rise to municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Inaction, too, can give rise to liability in some instances if it reflects a conscious decision not to take action.

*Id.* Mr. Hawkins has not pleaded enough facts for the Court to infer that any delay in care or problem with his care is attributable to a Centurion custom, policy, or practice.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Hawkins believes that

additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 5, 2023,** in which to identify those claims.

Further, if Mr. Hawkins believes that his inadequate care is attributable to a policy or practice of Centurion, or the decisions of an individual, he may file an amended complaint. Any amended complaint should have the proper case number, 1:23-cv-00669-JPH-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller,* 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation he wishes to pursue in this action.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Centurion Health in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Centurion electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH HAWKINS
271183
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Centurion Health