UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00669-JPH-MJD |
| | ) | |
| CENTURION HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Kenneth Hawkins pursues claims for injunctive relief based on allegations that the Indiana Department of Correction's ("IDOC") medical provider—Centurion Health—failed to send him for a consultation with an outside specialist for gastrointestinal ("GI") issues.  Dkt. 18.  Centurion moves for summary judgment, arguing that Mr. Hawkins failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit.  For the reasons explained below, the motion for summary judgment, dkt. [43], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  When reviewing a motion for summary judgment, the Court views the

record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Hawkins failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a

motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Hawkins was incarcerated at New Castle Correctional Facility ("New Castle"), a prison within the IDOC. The IDOC has a standardized grievance process which was in place during the time Mr. Hawkins alleges his rights were violated. Dkt. 44-1 at 1–2, 6–19. Inmates are told about the process during their orientation at New Castle, and a copy of the policy is available to inmates at the New Castle law library or on request. *Id.* at 4.

IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies. Dkt. 44-1 at 1, 6–19. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 7. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.* at 2.

During his time at New Castle, Mr. Hawkins submitted only one grievance in proper form that was accepted before filing this lawsuit—a grievance dated November 8, 2022, in which he stated:

> I need medical help I've sent several medical request they told me
> they put in the request for a couple of procedures but I still haven't
> heard anything.

*Id.* at 22 (errors in original).  New Castle's grievance specialist responded:

> Patient was seen by the provider on 11/30/22.  All medical
> concerns were addressed at this time.  Stool sample taken and
> tested.  Outpatient request for Ortho has been approved and is
> being scheduled.  Grievance Addressed.

*Id.* at 20.  Mr. Hawkins did not appeal this grievance response.  *Id.* at 5.

### III.
### Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions.  42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate."  *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)).  A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'"  *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).  "Because exhaustion is an affirmative defense," Centurion must show that "an

4

administrative remedy was available and that [Mr. Hawkins] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Centurion has met its burden of proving that Mr. Hawkins "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed evidence shows that Mr. Hawkins was aware of the grievance process and that he filed only a single grievance during the relevant time frame. It is not clear if the grievance he filed was directed to the allegations he makes in this lawsuit. If it was not, then he failed to fulfill even the first step of the grievance process. If it was, then he failed to appeal the response he received, as required. Further, Mr. Hawkins has not responded to Centurion's motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Centurion.

In short, Mr. Hawkins did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendant must be dismissed without prejudice. *Id.*; *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

## IV.
## Conclusion

For the above reasons, Centurion's unopposed motion for summary judgment, dkt. [43], is **GRANTED**. Mr. Hawkins' motion for status update, dkt.

[53], is **GRANTED** to the extent that this Order serves as that update.  This

case is **DISMISSED WITHOUT PREJUDICE**.  Final judgment will issue by

separate entry.

**SO ORDERED.**

Date: 1/21/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH HAWKINS
271183
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All electronically registered counsel